HOBE LUMBER COMPANY v. JAMES E. McGRATH and Another.[1]

May 29, 1908.

Nos. 15,617—(115).

**Contract—Price List.**

In a written contract for the sale of lumber, no grades were specified, but special reference was made to a certain price list, and the prices therein named for the different grades mentioned in the list were adopted as the price for lumber purchased. *Held*, the character and quality of the lumber purchased was limited by the contract to the price list, and the contract was not rendered indefinite and unenforceable for the reason that a certain grade of lumber was not mentioned in the list.

Action in the district court for Pine county to recover $9,500 damages for the breach of a contract. The case was tried before Stolberg, J., and a jury which returned a verdict for plaintiff for $4,000. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*J. N. Searles,* for appellants.

*Gjertsen & Lund,* for respondent.

LEWIS, J.

The parties to this action entered into a written contract as follows:

The Pine City Lumber Co. agrees to sell said Hobe [Lumber Co.] lumber of their 1905 season's cut of white pine lumber manufactured at Pine City, Minn., and guarantees said lumber not to contain over 15 per cent. tamarack, balsam, and spruce, and to furnish between 3,000,000 to 4,000,000 feet. The lumber company agrees to pay for said lumber on the basis of $2.50 off Mississippi Valley list of May 8, 1905, and to pay for same as follows: For invoices of the month of shipment, the following month 1st, less 2 per cent. on the 15th of the following month less 1 per cent., and to ship out all lumber within May 1st, 1906. Provided Pine City Lumber Co. finishes manufacturing same within November, 1905.

[1]Reported in 116 N. W. 652.

Lumber to be inspected on Mississippi Valley Association rules, and to be delivered on cars free of any expense to Hobe Lumber Co.

White pine lath at the following prices:

No. 1 white pine lath............................$3 00
No. 1 mixed lath................................. 2 50
No. 2 white pine lath............................ 2 00

Respondent recovered a verdict for damages for appellants' failure to perform, and the single question presented on this appeal is whether the court erred in refusing to charge the jury that if they should find that any "portion of the lumber contained, or would have contained, any grade that was not priced in the list of May 8th, 1905, then there was a failure on the part of the parties to agree upon the price of all the lumber of the season's cut of lumber manufactured by the defendants, or would have been manufactured by them that season, and there was no contract between the parties, and the jury will return a verdict for defendants," and that "under the alleged contract, set up as a basis of recovery by the plaintiff, the lumber purchased was to include all the lumber that might have been manufactured by defendants at their mill at Pine City in the season of 1905, and if any portion of said lumber run to No. 3 dimension then the parties failed to agree upon the price for all such lumber and defendants are entitled to a verdict." Appellants insist that the contract was invalid, and could not be enforced, for the reason that respondent purchased, of the 1905 cut, all of the kinds of lumber manufactured to the extent of three million feet; that according to the evidence a considerable amount of No. 3 dimension lumber was manufactured out of the three million feet contracted for; and, since the Mississippi Valley list referred to in the contract contained no price for No. 3 dimension, the contract was incomplete and indefinite as to price, and there was no reasonable basis in the evidence upon which damages could be estimated.

At the time this contract was entered into, June 8, 1905, appellant company had already contracted to sell and deliver fifty eight million feet to other parties, which sales were treated as having been made under the contract. Subsequent shipments were ordered by respond-

ent, but appellants never attempted to comply therewith. We have examined the Mississippi Valley list referred to in the contract, and it does not in any manner refer to No. 3 dimension, but does specify the price of No. 1 and No. 2 dimension, Nos. 1, 2, and 3 common boards, ship lap, fencing, flooring, siding, and lath. The fact that the parties adopted the prices fixed by that list as the basis of their contract indicates that it was not their intention to include any lumber which was not referred to in the list. Having deliberately adopted that list as the method of estimating prices, and nothing else being stated in the contract, it must be assumed that No. 3 dimension was purposely omitted. Contrary to appellants' assertion, the subsequent orders for lumber by respondent did not include any of this class, and there is nothing in the evidence to indicate that the parties afterward modified the contract so as to include, or show, that respondent so interpreted the contract.

Affirmed.